**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

RICARDO AGUDO-NIDO, et al.,

**Plaintiffs,**

v.

SUN WEST MORTGAGE COMPANY, INC.,

**Defendant.**

**NO. 23-1627 (RAM)**

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiffs' *Motion to Strike Exhibit A-8 to the Motion for Summary Judgment and the statements of fact that depend on it* (the "*Motion*") (Docket No. 46). For the following reasons, the *Motion* is **DENIED.**

## I. BACKGROUND

Exhibit A-8 is Defendant's Profit & Loss statement (also known as a "P&L"). Although Plaintiffs specifically requested the Defendant to produce Exhibit A-8 during discovery, Docket No. 15-1 at ¶ 14, they now seek to strike it from consideration at the summary judgment stage, alleging that it is a "compilation" under Fed. R. Evid. 1006 with unproduced "source documents." (Docket No. 46 at 6). Plaintiffs believe there are source documents because Exhibit A-8 contains annotations, including some that suggest a portion of the income reflected in Exhibit A-8 came "From 057

report." (Docket No. 40-2 at 45). Accordingly, Plaintiffs requested production of the "057 reports," loan sale records, and bonus calculations. (Docket No. 15-1). But these were never produced. Plaintiffs now claim Defendant must therefore be precluded from using Exhibit A-8 as evidence under Rule 37(c)(1). (Docket No. 62 at 4).

Defendant counters that Exhibit A-8 is not a compilation. Rather, Exhibit A-8 is independent evidence because it qualifies for the 603(6) hearsay exception as a business record made and kept by its accounting team in the ordinary course of business. (Docket No. 55 at 7-9). To support this claim, Defendant highlights several pieces of evidence, including Sydney Fernández's testimony that Exhibit A-8 is a regular monthly report prepared by Defendant's accounting department as well as Kimberly Rodriguez's sworn statement that Exhibit A-8 is a true and correct copy of Defendant's P&L. (Docket Nos. 40-4 at 4-6; 40-2 at ¶¶ 3, 25-27).

## II. DISCUSSION

The Court concludes that Exhibit A-8 is not a Rule 1006 compilation and therefore should not be stricken under Rule 37(c)(1). Rule 37(c)(1) states that a "party is not allowed to use" any information that it should, but fails to, produce during discovery "unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1). Rule 1006 permits a party to use a summary or compilation "to prove the content of

voluminous" records only if the underlying records are themselves admissible and were made "available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006; *see* United States v. Milkiewicz, 470 F.3d 390, 396 (1st Cir. 2006).

Regardless of the availability of underlying source documents, business documents are independently admissible when they qualify for the 803(6) hearsay exception. *See* United States v. Draiman, 784 F.2d 248, 256 n.6 (7th Cir. 1986) ("entries on a business record . . . are considered the original entries, and therefore the business record is admissible without regard to the availability of the underlying documents."). This is because "independent business records produced and kept within the ordinary course of business" constitute primary evidence and not "summaries of other evidence." Taboas v. Fiddler, González & Rodríguez, PSC, 39 F. Supp. 3d 188, 193-94 (D.P.R. 2014) (quoting U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co., 576 F.3d 1040, 1046 (9th Cir. 2009); *see* DA Realty Holdings, LLC v. Tennessee Land Consultants, LLC, 631 F. App'x 817, 822 (11th Cir. 2015) ("As a business record, the [record] would be admissible in and of itself. Rule 803(6) contains no requirement that the entries on a business record . . . must be supported by underlying documents in order for the business record to be admissible."). A record qualifies as a business record under Rule 803(6)'s hearsay

exception if (1) a custodian or other qualified witness shows that it was (2) made at or near the time by someone with knowledge, (3) in the course of a regularly conducted activity and as a regular practice of that activity, and (4) only if the circumstances of its preparation do not indicate a lack of trustworthiness. Fed. R. Evid. 803(6)(A)-(E). "[A] 'qualified witness' is 'simply one who can explain and be cross-examined concerning the manner in which the records are made and kept.'" U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Jones, 925 F.3d 534, 538 (1st Cir. 2019) (quoting Wallace Motor Sales, Inc. v. Am. Motors Sales Corp., 780 F.2d 1049, 1061 (1st Cir. 1985)). A qualified witness "need not be the person who actually prepared the record." Id.

Here, the evidence favors Defendant's claim that Exhibit A-8 is a business record that qualifies under the 803(6) hearsay exception. First, there is a sufficient showing that Mr. Fernández is a qualified witness who can explain the manner in which Exhibit A-8 was made and kept. As Defendant's 30(b)(6) corporate witness, he readily identified Exhibit A-8 during his deposition as "P&Ls" that were made "on a monthly progressive basis" by Sun West's accounting department. (Docket No. 64-2 at 78, 81, 86-87). He then answered dozens of questions during his deposition that showed his familiarity with Exhibit A-8.[1] For example, when asked where the

[1] The Court finds it irrelevant whether Mr. Fernández's familiarity with Exhibit A-8 came from his deposition preparations, his work experience as Systems

"servicing fees are reflected," Mr. Fernández answered they would be found under "line item BPRP/PRHFA." Id. at 82. When asked where the "pricing premiums obtained from loans originated in the Puerto Rico branch that were subsequently sold in the secondary market" would be found, Mr. Fernández promptly answered under "Total Gain on Sale." Id. at 83. These answers are not obvious on the face of Exhibit A-8. This evidence, as a whole, shows that Mr. Fernández is a qualified witness that "can explain and be cross-examined concerning the manner in which the records are made and kept," despite not being actually questioned on some of the details. U.S. Bank, 925 F.3d at 538; *see also* United States v. Moore, 923 F.2d 910, 915 (1st Cir. 1991) (holding one was a qualified witness when she likely knew how the document's data was compiled and kept).

Second, there is a sufficient showing that Exhibit A-8 was made at or near the time by someone with knowledge because Mr. Fernández identified Exhibit A-8 as "monthly P&L's" that were "prepared on a monthly progressive basis" by Sun West's accounting department. Id. at 87. To prepare P&Ls on a "monthly progressive basis" likely means they were continuously prepared as the data became available, *i.e.*, at the end of the month. The annotations, too, are likely to have been made at or near the time because they appear to be adjustments made by accountants while creating Exhibit

Analyst at Sun West, or his earlier work experience for Sun West's accounting subcontractor (*i.e.*, XL Dynamics). Docket Nos. 64-2 at 11-13, 71-72; 64-3 at 1.

A-8. Accordingly, both Exhibit A-8 and the annotations appear likely to have been made at or near the time by Sun West's accountants.

Third, there is a sufficient showing that Exhibit A-8 was kept in the regular course of business. As discussed above, Mr. Fernández testified that Exhibit A-8 is a regular monthly report that was "progressively" prepared by Defendant's accounting department. (Docket No. 64-2 at 86-88). Moreover, Kimberly Rodriguez, though an HR corporate officer, testified in a sworn statement that she has general knowledge of Sun West's operations and that she knew Exhibit A-8 to be a true and correct copy of Defendant's P&L created by Defendant's corporate accounting office. (Docket No. 40-2 at ¶¶ 3, 25-27).[2]

Plaintiffs attempt to undermine Mr. Fernández's qualification as a witness regarding Exhibit A-8 by claiming Mr. Fernández only saw Defendant's P&Ls while preparing for his deposition. (Docket No. 62 at 8). But this mischaracterizes the testimony. True, Mr. Fernández stated he had seen "those P&Ls" while preparing for the deposition. (Docket No. 40-4 at 2). But counsel did not specify whether he specifically meant Exhibit A-8 or P&Ls in general. Id. Neither did counsel "close-him-out" by asking Mr. Fernández if he

[2] The Court finds the fact that Ms. Rodriguez's statement contains typographical errors (*i.e.*, "Exhibit A-6" and "January 2020 to October 2020") to be insignificant. It is clear that she is referring to Exhibit A-8, and the typographical errors show inattentiveness, not unfamiliarity with Exhibit A-8.

had seen "those P&Ls" anywhere else or at any other time. Id. Without a "close-out," Plaintiffs cannot establish that Mr. Fernández saw Defendant's P&Ls *only* while preparing for his deposition.

Fourth, Plaintiffs fail to show that Exhibit A-8 is untrustworthy. As evidence of untrustworthiness, Plaintiffs point to Exhibit A-8's annotations noting edits, such as "Add 5K/Mo fo [sic] Ivan Rodriguez amortized expense," "adjusted as part of Ilena's loan expenses," and "To match Ricardo's breakdown." (Docket No. 40-2 at 46). However, Plaintiffs do not articulate why that undermines Exhibit A-8's trustworthiness. Perhaps Plaintiffs are implying the evidence of edits demonstrates that Defendant "cooked the books," *i.e.*, adjusted it specifically for this litigation. That argument is not persuasive. Accountant adjustments (and their accompanying annotations) are routine when drafting a P&L, and Plaintiffs provided no evidence that these edits were irregular or created specifically for this litigation. In fact, one annotation—"Increases to $1,100 in Jan 2023"—implies that the annotation was made before January 2023, well before Plaintiffs' original December 2023 complaint. (Docket Nos. 1, 40-2 at 46). This suggests the annotation was not drafted for this litigation but rather part of the original P&L drafting process.

Therefore, Exhibit A-8 qualifies for Rule 803(6)'s hearsay exception, is not a Rule 1006 compilation, and, even if it was, is

an independently admissible business record. As a result, it shall not be stricken under Rule 37(c)(1) because Exhibit A-8 was produced and *is* the information Defendant will use.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' *Motion to Strike Exhibit A-8 to the Motion for Summary Judgment and the statements of fact that depend on it* is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of November 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE